```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

ABROM D. HAYES, SR.                                     PLAINTIFF

VS.                                CIVIL ACTION NO. 3:04CV485LN

JP MORGAN CHASE MANHATTAN CORPORATION                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Two motions are currently pending before the court in this cause. Plaintiff Abrom D. Hayes, Sr. has filed a motion for default judgment. Defendant JP Morgan Chase Manhattan Corporation (JP Morgan Chase) has moved to dismiss plaintiff's complaint for failure to timely serve process and lack of personal jurisdiction. Plaintiff Hayes has responded in opposition to defendant's motion. The court, having considered the memoranda and submissions of the parties, concludes that plaintiff's motion for default judgment should be denied and defendant's motion to dismiss should be denied.

Plaintiff filed this action on June 24, 2004, against his former employer, JP Morgan Chase, alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), as well as state law claims for intentional and negligent infliction of emotional distress. According to the complaint, from November 13, 2003 to January 2004, Hayes worked as a Mississippi Field Collector, based in Jackson, Mississippi, in defendant's Home Owners Assistance Department. Plaintiff alleges that he suffers from idiopathic cardiomyopathy and that he sought accommodation for this disability in January 2004. He maintains

that defendant refused to accommodate his disability and that this refusal constituted constructive discharge.[1]

On April 18, 2005, plaintiff filed a motion for entry of default, following which the clerk entered default on June 22, 2005.  Plaintiff then moved for default judgment on June 28, 2005.  Thereafter, however, defendant moved to dismiss contending that plaintiff has failed to effect timely and sufficient service of process.  It claims additionally that regardless of whether service has been properly effected, the case must be dismissed on the basis that the court lacks personal jurisdiction over defendant.  The court first considers defendant's challenge to personal jurisdiction.[2]

JP Morgan Chase is a New Jersey Corporation headquartered in Edison, New Jersey.  Generally, a nonresident defendant is subject to personal jurisdiction to the extent permitted by the laws of the forum state and the requirements of federal due process.  Bullion v. Gillespie, 895 F.2d 213, 215 (5th Cir. 1990).  This analysis consists of a familiar two-step inquiry:  (1) whether jurisdiction is proper over the nonresident defendant under the

---

[1]  Plaintiff filed a complaint with the Equal Employment Opportunity Commission on January 16, 2004, and on March 27, 2004, received notification of his right to sue.

[2]  A default judgment entered against a defendant over which it lacks personal jurisdiction, either because of a lack of effective service of process or a lack of sufficient contacts with the forum state to sustain personal jurisdiction, is void.  See Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001).

forum state's long-arm statute; and (2) whether jurisdiction complies with the standards promulgated in the due process clause of the Fourteenth Amendment.  Id.

    Mississippi's long-arm statute provides, in relevant part,

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. [3]

    In support of its motion, defendant points out that plaintiff is, and was at the time the complaint was filed, a resident of Alexandria, Virginia.  It submits that plaintiff is thus foreclosed from effecting process on defendant under the long-arm statute inasmuch as the Fifth Circuit has consistently held that a non-resident plaintiff may not take advantage of the Mississippi long-arm statute in bringing a civil action against a non-resident defendant, even if that defendant is doing business in Mississippi.  See Delgado v. Reef Resort Ltd., 364 F.3d 642, 645

---

[3] As defendant points out, the ADA does not provide for nationwide service of process over a non-resident defendant, and therefore, the court must consider whether Mississippi's long-arm statute would permit the exercise of personal jurisdiction over JP Morgan Chase.  See Point Landing, Inc. v. Omni Capital Intern., Ltd., 795 F.2d 415, 426 (5th Cir. 1986).

(5th Cir. 2004) (stating, "This court has, on numerous occasions, interpreted the Mississippi statute to mean that non-residents may not sue non-resident corporations doing business in Mississippi."); Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V., 249 F.3d 413, 418 (5th Cir. 2001)(finding that a non-resident plaintiff may not take advantage of the contract or doing business portions of the Mississippi long-arm statute).  In response, plaintiff does not directly address defendant's contention that a non-resident may not take advantage of the doing business portion of the long-arm statute.  Instead, while not denying he was a resident of Virginia at the time his complaint was filed, he emphasizes that he was a resident of Mississippi at the time of the alleged discriminatory conduct, and argues that defendant has a "substantial presence" and "sufficient contacts" with Mississippi to make it amenable to the court's personal jurisdiction through the long-arm statute.

   Both parties' arguments, however, overlook the fact that in addition to his ADA claim, plaintiff's complaint also contains claims for intentional infliction of emotional distress and negligent infliction of emotional distress.  These claims clearly fall under the tort portion of the long-arm statute, which plainly subjects a non-resident defendant to jurisdiction in this state when such defendant "shall commit a tort in whole or in part against a resident or nonresident of this state."  Miss. Code Ann. § 13-3-57 (emphasis added).  Here, plaintiff's allegations against

4

defendant relate to actions taken by defendant toward plaintiff while he was employed by defendant as a field collector working in Jackson, Mississippi.  As such, the court concludes that the tort prong of the Mississippi long-arm statute is satisfied.

Having determined that jurisdiction is proper under the Mississippi long-arm statute, the court must also consider whether jurisdiction comports with federal due process protections.  In evaluating due process, the court must decide (1) if defendant purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) whether the imposition of jurisdiction on defendant would offend traditional notions of fair play and substantial justice. Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Bullion, 895 F.2d at 216.  See also International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  Minimum contacts may be established through contacts sufficient to establish general or specific jurisdiction.  General jurisdiction applies when "the nonresident defendant maintains 'continuous and systematic' contacts with the forum state." Bullion, 895 F.2d at 216 (citing Interfirst Bank Clifton v. Fernandez, 844 F.2d 279, 283 (5th Cir. 1988)).  Specific jurisdiction applies to a nonresident corporation "when that corporation has purposefully directed its activities at the forum state and the 'litigation results from alleged injuries that arise out of or relate to those activities.'"  Alpine View, 205 F.3d at

215 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 404 (1984)).  Finally, the court must determine whether the application of jurisdiction offends traditional notions of fair play and substantial justice.

> In making this determination, a court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

Willowbrook, 87 F. Supp. 2d at 634 (quoting Asahi Metal Ind. v. Superior Court, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

In the present case, specific jurisdiction is appropriate because the suit arises out of the allegedly discriminatory conduct by JP Morgan Chase in Mississippi.  The exercise of such jurisdiction is not unfair or unreasonable.  In defending the lawsuit in Mississippi, defendant will not bear so great a burden as to offend traditional notions of fair play or substantial justice.  JP Morgan Chase, in employing a Mississippi resident to function as a field collector based in Jackson, Mississippi, could reasonably foresee being brought into Mississippi's courts.  For these reasons, the court holds that defendant is subject to personal jurisdiction in Mississippi.

Turning to the service of process issue, defendant has moved to dismiss plaintiff's complaint for failure to effect service of process; conversely, plaintiff has moved for default judgment,

6

contending that defendant was properly served yet failed to timely answer or otherwise defend the complaint. The validity of any default judgment depends, <u>inter</u> <u>alia</u>, on plaintiff's having effectively served defendant with process. <u>See</u> <u>Harper Macleod Solicitors v. Keaty & Keaty</u>, 260 F.3d 389, 393 (5th Cir. 2001). Here, it is highly questionable whether this has occurred.

The docket report reflects that summons was issued for defendant JP Morgan Chase on June 25, 2004. According to plaintiff, defendant was first served with process on August 16, 2004, when a copy of the summons and complaint was personally served on CT Corporation Service, defendant's registered agent for service of process, in Flowood, Mississippi. A copy of the return allegedly evidencing such service, addressed to JP Morgan Chase in care of CT Corporation System, is attached to plaintiff's motion for default judgment, yet the "return of service" portion of the document which indicates the defendant was "personally" served does not specify the "place where served."[4]

Plaintiff apparently was not confident that he had achieved proper service by this means, because more than two months later,

---

[4] This return was not filed with the clerk and appears only as an exhibit to plaintiff's motions for entry of default and for default judgment. Inexplicably, however, the docket report reflects that a month after this ostensible service, the clerk received an "Acknowledgment of service as to defendant JP Morgan Chase by serving Nathan Kellum/Kellum Law Firm on 9/14/04." This document, however, is not contained in the court file and plaintiff offers no explanation for the meaning of this entry or document. Defendant however asserts in its brief that "Kellum is an attorney practicing law in the state of Tennessee and is not the registered agent of the defendant."

7

on October 21, 2004, rather than moving for default, he sought additional time "to continue his efforts to find and serve the Defendant with process in this case."[5]  This request was granted.

Plaintiff claims that he then served defendant on February 7, 2005 by sending a copy of the summons and complaint to JP Morgan Chase Manhattan Mortgage Corporation in Cleveland, Ohio by certified mail, as provided by Mississippi Rule of Civil Procedure 4(c)(5).  Attached to his motions for entry of default and for default judgment is a copy of the return receipt for this mailing, which reflects a signature of J. Moody on February 10, 2005, yet there is no explanation for service on "JP Morgan Chase Manhattan Mortgage Corporation," when the defendant named herein is "JP Morgan Chase Manhattan Corporation."

Plaintiff claims that he also served defendant on February 16, 2005, by mailing copies of the summons and complaint, via first class mail, to Alice Stack, Personnel Director, JP Morgan Chase Bank in Columbus, Ohio, and to Stephen J. Rotella, of Chase Manhattan Corporation in Edison, New Jersey.  However, neither Federal Rule of Civil Procedure 4 nor Mississippi Rule of Civil Procedure 4 allows for service by first-class mail.[6]

---

[5]   Plaintiff's uncertainty as to whether he had obtained service on defendant is reflected in the fact and content of his motion for additional time, in which he noted that "[s]everal companies have the JP Morgan name."

[6]   Although this is not apparently what plaintiff attempted here, the court does note that Mississippi Rule of Civil Procedure 4(c)(5) authorizes a plaintiff to send a notice and acknowledgment of service form to a non-resident defendant via first-class mail,

8

For its part, JP Morgan Chase takes the position in response to plaintiff's motion for default judgment, and in support of its own motion to dismiss for failure of service of process, that the summons addressed to CT Corporation was never received by CT Corporation, and has attached an affidavit from Kenneth Uva, vice president of CT Corporation, to that effect. It further maintains that plaintiff has otherwise failed to effect proper service of process.

Under the circumstances, this court cannot with confidence conclude that defendant has been properly served with process. Evidence as to service of process is convoluted and confusing at best. The court, therefore, in its discretion, concludes that plaintiff's motion for default judgment should be denied.[7] Defendant's motion to dismiss for failure to effect service of process is also denied; however, defendant's alternative motion to set aside the clerk's entry of default is granted. Defendant will

---

and Federal Rule of Civil Procedure 4(d)(2) provides a means for sending a waiver of service form via first-class mail. However, if the defendant fails to return the waiver form or notice and acknowledgment form, the plaintiff must then effect service by other proper means.

[7] See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)("A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."); Stelax Industries, Ltd. v. Donahue, 2004 WL 733844, *11 (N.D. Tex. 2004) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 2685 (1998))("the decision to enter a default judgment is discretionary.")

be allowed twenty days from the entry of this order to file an answer to plaintiff's complaint.

Based on the foregoing, it is ordered that defendant's motion to dismiss is denied, plaintiff's motion for default judgment is denied, and the clerk is directed to set aside the entry of default in this cause.

SO ORDERED this 28th day of November, 2005.

/s/ Tom S. Lee<br>
UNITED STATES DISTRICT JUDGE